# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30283
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Morad,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-101-1

————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Mark Morad, federal prisoner # 32962-034, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2), which is based on Amendment 821 to the Sentencing Guidelines. The motion requested a reduction of Morad's aggregate 180-month sentence of

————————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30283

imprisonment for conspiracy to commit health care fraud and conspiracy to falsify records in a federal investigation.

The district court denied the § 3582(c)(2) motion after determining that Morad was not eligible for a decrease of two offense levels as a zero-point offender pursuant to Amendment 821 because he did not satisfy all the criteria under U.S.S.G. § 4C1.1(a). Specifically, the district court noted that Morad received an offense level adjustment under U.S.S.G. § 3B1.1 for an aggravating role.

On appeal, Morad contends that he qualifies for a sentence reduction under Amendment 821 because he has zero criminal history points and that he was not engaged in a continuing criminal enterprise. "[T]o be eligible for the zero-point-offender reduction, a defendant must show *both* that he did not receive an enhancement under § 3B1.1 *and* that he was not engaged in a continuing criminal enterprise." *United States v. Morales*, 122 F.4th 590, 597 (5th Cir. 2024). In other words, "[i]f a defendant . . . received a § 3B1.1 enhancement . . . , he is disqualified from receiving the reduction." *Id.* Morad received an enhancement under U.S.S.G. § 3B1.1. Thus, Morad was not eligible for the two-point decrease in his offense level. *Id.* The district court did not err in denying the § 3582(c)(2) motion.

Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

2